UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Saladean Walker Salean,<br>*a/k/a* Michael Germane Walker,<br><br>Defendant. | Case No. 22-cr-175 (NEB/TNL)<br><br>**ORDER** |

Thomas M. Hollenhorst, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Manny K. Atwal, Matthew Deates, and Success Carter, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions filed by Defendant Saladean Walker Salean:

1. Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 23;

2. Motion for Discovery and Inspection, ECF No. 24;

3. Pretrial Motion for Disclosure of 404 Evidence, ECF No. 26;

4. Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 27; and

5. Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 28.

The Government also filed a Motion for Discovery, ECF No. 4.

1

A hearing was held on January 23, 2023. ECF No. 35. Assistant United States Attorney Thomas M. Hollenhorst appeared on behalf of the Government. Attorneys Manny Atwal and Success Carter appeared on behalf of Defendant. Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 23, is **GRANTED IN PART and DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. ECF No. 23 at 1. The Government responds that it will comply fully with its discovery obligations under *Brady*, *Giglio*, and their progeny, and disclose any evidence "helpful" to Defendant. Gov't's Resp. at 1, ECF No. 30.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying

2

is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

2. Defendant's Motion for Discovery and Inspection, ECF No. 24, is **GRANTED IN PART and DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure. *See generally* ECF No. 24. This includes expert witness disclosures. *Id.* at 2 (citing Fed. R. Evid. 702, 703, & 705). The Government responds that it has provided disclosures and will continue to comply with its discovery obligations. Gov't's Resp. at 2.

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the

4

Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, his motion is denied. *See Johnson*, 228 F.3d at 924.

3.  Defendant's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 26, is **GRANTED IN PART and DENIED IN PART**.

Defendant requests that the Government "disclose, not less than 21 days before trial, any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence," and to "direct[] the government to identify the basis for the evidence's admissibility and the witnesses through whom such evidence will be presented at trial." ECF No. 26 at 1. The Government responds that it will comply fully with its obligations under Rule 404. Gov't's Resp. at 2. The Government states that it will disclose any Rule 404(b) evidence within three weeks of trial. *Id*.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

5

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

In this case, the Court finds that disclosing 404(b) evidence three weeks prior to trial provides reasonable notice. As such, consistent with the parties' agreement, no later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of

6

such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

4. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 27, is **GRANTED**. Additionally, the Government's Motion for Discovery, ECF No. 4, is **GRANTED**.

Defendant's motion seeks the establishment of deadlines for the disclosure of expert witnesses. ECF No. 27 at 1. Defendant requests that the Government provide a written summary of any expert testimony the Government intends to use at trial no later than 21 days before trial. *Id*.

The Government's motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. *See generally* ECF No. 4. The Government proposes that principal experts be disclosed 30 days before trial and rebuttal experts be disclosed 10 days prior to trial. *Id*. at 2.

At the criminal motions hearing, the parties agreed to disclose principal experts no later than 21 days prior to trial and rebuttal experts no later than 10 days prior to trial.

The Court grants both motions. Consistent with the parties' agreement, no later than 21 days prior to trial, the parties shall make their principal expert disclosures, and no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

5. Defendant's Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 28, is **GRANTED**.

Defendant moves "for an Order requiring any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as a part of their investigation . . . ." ECF No. 28 at 1. Defendant also moves for an Order "directing any and all officials involved in this case to preserve the evidence seized in the course of their investigation." *Id*. The Government does not object to the motion and notes that it has already instructed law enforcement officials involved in the investigation of this case to retain their rough notes and evidence. Gov't's Resp. at 3.

Defendant's request for the retention of rough notes and evidence is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: May __8__, 2023

                                                                *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

                                                                *United States v. Salean*
Case No. 22-cr-175 (NEB/TNL)