UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-175 (NEB/TNL) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| SALADEAN WALKER SALEAN, | |
| Defendant. | |

Defendant Saladean Walker Salean is charged with seven counts of being an armed career criminal in possession of ammunition under 18 U.S.C. Sections 922(g)(1) and 924(e)(1). (ECF No. 1.) Salean moved to suppress several statements, admissions, and answers. (ECF No. 25.) In a Report and Recommendation, United States Magistrate Judge Tony N. Leung recommends denying as moot Salean's motion to suppress (1) his two statements to Sergeant Benner on September 29, 2021, (2) his statement to Lieutenant Albers on October 7, 2021, and (3) his statement to Sergeant Alejandrino on October 7, 2021. (ECF No. 48 ("R&R") at 24.) He also recommends denying the motion to suppress Salean's statement to Sergeant Suchta on September 30, 2021. (*Id.*)

The parties do not object to the recommendation that Salean's motion to suppress statements made on September 29 and October 7, 2021, be denied as moot. (*See* ECF No. 55 at 1 n.1.) The Court sees no clear error in the R&R as to the issue of mootness, and

thus the motion to suppress the September 29 and October 7 statements is denied. As to the September 30 statement, Salean objects, and thus the Court reviews the issue *de novo*. (ECF No. 55 ("Obj.").)

## BACKGROUND

The R&R details the facts and procedural history of this case, (R&R at 3–12), which are undisputed. The Court incorporates the R&R's summary and repeats only those facts necessary for context.

Shortly after midnight on September 29, 2022, Salean was shot in his legs. (*See* Def. Ex. 2[1] at 50.) He was taken to Hennepin County Medical Center ("HCMC") where his gunshot wounds were treated and he was given a prescription for oxycodone. (*Id.* at 50, 55, 59.) Salean was discharged from HCMC, arrested, and taken to Hennepin County Jail.

On September 30, 2022, around 7:00 p.m., Sergeant Suchta interviewed Salean at Hennepin County Jail. (Gov't Exs. 5A, 5B.) At the beginning of the interview, Sergeant Suchta asked Salean if he was in a lot of pain, and Salean responded, "Yeah, a lot." (Gov't Ex. 5B at 1 (native pagination).) Sergeant Suchta also asked if Salean was being given any pain medication, to which he responded, "barely." (*Id.*) Sergeant Suchta asked him a few housekeeping questions, then read him his *Miranda*[2] rights. (*Id.* at 1–5.) He asked Salean

---

[1] The parties submitted exhibits at the hearing on the motion to suppress on January 23, 2023. The transcript of the hearing is referred to as "Hr'g Tr.," (ECF No. 38), and the exhibits are referred to as "Def. Ex." and "Gov't Ex."

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

if he understood everything he just read, and Salean responded, "Yes." (*Id.* at 5.) Sergeant Suchta testified that he had no reason not to believe Salean. (Hr'g Tr. at 74.) Sergeant Suchta then asked Salean about several incidents over the course of an hour. (*See* Gov't Exs. 5A, 5B *passim*.) Sergeant Suchta explained that he had spoken to thousands of people during his law enforcement career, and he did not note anything during the interview that suggested that Salean did not know what was happening. (Hr'g Tr. at 74.) Rather, Salean "answered all [his]questions very clearly, freely, intelligently. His speech was not slurred. He did not appear groggy [or] . . . under the influence of anything." (*Id.*)

## ANALYSIS

The Constitution guarantees a criminal defendant the right not to incriminate himself. U.S. Const. amend. V. "For a custodial interrogation-derived statement to be admissible, a defendant must waive his *Miranda* rights knowingly, intelligently, and voluntarily." *United States v. Smith*, 21 F.4th 510, 517 (8th Cir. 2021). "The court must consider the totality of the circumstances in evaluating whether rights were validly waived." *Id.* The government bears the burden to prove the validity of the *Miranda* waiver by a preponderance of the evidence. *Id.*

Salean objects to the R&R's conclusion that his *Miranda* waiver to Sergeant Suchta was knowing and intelligent. (Obj. at 5–6; *see* R&R at 21–23.) "Whether the waiver was knowing and intelligent is a distinct inquiry from whether it was voluntary; it requires that the waiver was 'made with a full awareness of both the nature of the right being

3

abandoned and the consequences of the decision to abandon it.'"[3] *Smith*, 21 F.4th at 517 (citing *Moran v. Burbine*, 475 U.S. 412, 421 (1986)).

Salean maintains that he lacked the capacity to give a knowing and intelligent waiver because of his injuries and prescription pain medication. (Obj. at 5.) "Pain alone does not render a *Miranda* waiver invalid[.]" *United States v. Class*, No. 15-CR-0348 (PJS/TNL), 2016 WL 3512140, at *4 (D. Minn. June 22, 2016) (citing *United States v. Cristobal*, 293 F.3d 134, 142 (4th Cir. 2002)), *aff'd*, 883 F.3d 734 (8th Cir. 2018).

Salean contends that at the time of his statement, he was in a wheelchair and was on pain medication due to having been shot the day before. (Obj. at 5.) Sergeant Suchta did not ask what kind of or how much pain medication Salean was taking or if he was under the influence of the medication. (*See* R&R at 22.) It is also unclear when Salean last took pain medication before the interview. (*Id.*) Even if Salean had taken medication on the day of his interview with Sergeant Suchta, the record lacks evidence that Salean did not understand his rights.

---

[3] Salean does not object to the R&R's finding that his waiver was voluntary. (*See* R&R at 20.) Indeed, the recording of Salean's interview establishes that the Sergeant Suchta did not use any coercive tactics while questioning Salean. (*See* Gov't Exs. 5A, 5B *passim; see also* R&R at 16–21 (collecting cases on voluntariness).) Considering the totality of the circumstances of his *Miranda* waiver, the Court finds that Salean's will was not overborne and that his statement was voluntary. *See United States v. El-X*, No. 11-CR-109 (PJS/JJG), 2011 WL 3155691, at *3 (D. Minn. July 6, 2011) ("As long as the person's will was not overborne and the officer did not engage in coercive activity, even a defendant who is hospitalized and medicated may give a voluntary statement."), *report and recommendation adopted*, 2011 WL 3154859 (D. Minn. July 26, 2011).

Sergeant Suchta read Salean his *Miranda* rights and Salean verbalized his understanding of those rights. Salean then responded to Sergeant Suchta's questions for about an hour, and his answers show his comprehension of the process. The recording of the interview—in which Salean answers Sergeant Suchta's questions clearly and intelligently—demonstrates that Salean understood what was occurring and the rights he was giving up. *See Cristobal*, 293 F.3d at 142 (affirming finding that defendant's waiver of his *Miranda* rights was knowing and intelligent, noting a lack of "evidence that the drugs had an adverse effect on Cristobal's ability to think rationally"). The government has proven by a preponderance of the evidence that, given the totality of the circumstances, Salean's waiver was "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Smith*, 21 F.4th at 517 (citation omitted). Because Salean's waiver was knowing and intelligent, the Court will not suppress his statement to Sergeant Suchta on September 30, 2021.

## CONCLUSION

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. Salean's Objection to the Report and Recommendation (ECF No. 55) is OVERRULED;

2. The Report and Recommendation (ECF No. 48) is ACCEPTED;

3. Salean's Motion to Suppress Statements, Admissions and Answers (ECF No. 25) is DENIED IN PART AS MOOT and DENIED as follows:

   a. The motion to suppress (1) Salean's two statements to Sergeant Benner on September 29, 2021, (2) his statement to Lieutenant Albers on October 7, 2021, and (3) his statement to Sergeant Alejandrino on October 7, 2021, is DENIED AS MOOT; and

   b. The motion to suppress Salean's statement to Sergeant Suchta on September 30, 2021, is DENIED.

Dated: August 2, 2023

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge